# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HARRY LITTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 4:13CV1598 NAB |
| | ) |
| ELLIS McSWAIN, JR., | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition does not state a cognizable claim for habeas relief, and the Court will dismiss it without further proceedings.

In 1997, petitioner was found guilty of second degree murder and was sentenced to a term of life imprisonment. The Missouri Board of Probation and Parole (the "Board") granted parole to petitioner in 2002. He has been on parole ever since then.

When petitioner was sentenced, the parole statutes did not authorize the Board to collect a monthly fee from parolees. *See Jackson v. Chairman and Members of Missouri Bd. of Probation and Parole*, 2010 WL 5070722 *1, No. 4:10CV104 CDP (E.D. Mo.) (detailing history of parole statutes). In 2005, the relevant parole statute "was amended to give the Parole Board discretionary authority to collect a monthly

fee." *Id.* The statute also allows the Board to sanction parolees who are able to pay the fee but willfully refuse to do so, "including written reprimand, travel restrictions, community service, increased level of supervision, and shock detention." *Little v. McSwain*, 400 S.W.3d 461, 461 (Mo. Ct. App. 2013).

Petitioner claims that the fee and the potential sanctions violate the Ex Post Facto Clause. Petitioner seeks to prohibit the Board from collecting the fee from parolees who were sentenced before 2005. Petitioner does not allege that he has been subject to any sanctions as a result of not paying the fee.

Petitioner does not challenge the fact or duration of his parole. He challenges the conditions of his parole. As a result, petitioner's claim is not cognizable in habeas corpus proceedings, and this Court lacks jurisdiction to grant the writ. *See Prieser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (conditions of confinement claim not cognizable in habeas proceeding and must be brought under 42 U.S.C. § 1983); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (finding that action challenging retroactive application of law requiring DNA sample from certain inmates convicted of sex offenses was not properly brought in habeas proceedings and that such claim must be brought in § 1983 action) *c.f.*, *Jackson*, 2010 WL 5070722 (denying identical claim as petitioner's in § 1983 proceeding).

Furthermore, the Court notes that the courts that have considered whether the collection of parole fees violates the Ex Post Facto Clause have routinely determined that it does not. *Jackson*, 2010 WL 5070722 *3 (collecting cases) (finding Missouri parole statutes to be non-punitive, "reasonably related to legitimate penological goals such as rehabilitation, and . . . not excessive."). This Court agrees.

For these reasons, the Court will dismiss this action without further proceedings. Moreover, the Court finds that petitioner has failed to state a colorable issue worthy of appeal, and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED** without prejudice.

Dated this 19th day of August, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE