UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARRY LITTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. 4:13CV1598 NAB |
| ) | |
| ELLIS McSWAIN, JR., ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion for reconsideration. The Court will grant the motion.

In 1997, petitioner was found guilty of second degree murder and was sentenced to a term of life imprisonment. The Missouri Board of Probation and Parole (the "Board") granted parole to petitioner in 2002. He has been on parole ever since then.

When petitioner was sentenced, the parole statutes did not authorize the Board to collect a monthly fee from parolees. *See Jackson v. Chairman and Members of Missouri Bd. of Probation and Parole*, 2010 WL 5070722 *1, No. 4:10CV104 CDP (E.D. Mo.) (detailing history of parole statutes). In 2005, the relevant parole statute "was amended to give the Parole Board discretionary authority to collect a monthly fee." *Id.* The statute also allows the Board to sanction parolees who are able to pay

the fee but willfully refuse to do so, "including written reprimand, travel restrictions, community service, increased level of supervision, and shock detention." *Little v. McSwain*, 400 S.W.3d 461, 461 (Mo. Ct. App. 2013).

Petitioner claims that the fee and the potential sanctions violate the Ex Post Facto Clause. Petitioner seeks to prohibit the Board from collecting the fee from parolees who were sentenced before 2005.

On August 19, 2013, the Court dismissed this action, finding that petitioner was not challenging the fact or duration of his parole, and therefore, his claim was not cognizable in habeas corpus proceedings but could be filed in a civil rights action under 42 U.S.C. § 1983. Unbeknownst to the Court, petitioner had previously filed a § 1983 action challenging the imposition of the fee. *Little v. McSwain*, 4:12CV1286 DDN (E.D. Mo.). That case was dismissed after the Court found that petitioner's claim was not cognizable in a § 1983 proceeding but must be brought in a § 2254 habeas action. *Id*. The Eighth Circuit Court of Appeals summarily affirmed. *Id.*

In light of the fact that the Eighth Circuit affirmed the Court in the § 1983 action, the Court will grant petitioner's motion for reconsideration and will reopen this case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Orders dated August 19, 2013, are **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk shall reopen this case.

Dated this 26th day of August, 2013.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE