# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HARRY LITTLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ELLIS MCSWAIN, JR., )<br>)<br>Respondent. ) | Case No. 4:13-CV-1598 NAB |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Harry Little's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Ellis McSwain, Jr. filed a response. [Doc. 8.] Little filed replies to the response. [Docs. 11, 12.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 14.] For the reasons set forth below, Little's Petition for Writ of Habeas Corpus will be denied.

**I.    Background**

Little was convicted of second-degree murder in May 1977. He was sentenced to life in the Missouri Department of Corrections and granted parole in 2002. According to the most recent information provided to the Court, Little remains on parole.

In 2002 when Little was granted parole, he was subject to the parole statute, Mo. Rev. Stat. § 217.690. The statute was amended in 2005 to give the Parole Board discretionary authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed under board supervision on probation, parole, or conditional release, to waive all or part of any fee, to sanction offenders for willful nonpayment of fess, and to contract with a

private entity for fee collection services. Mo. Rev. Stat. § 217.690.3. The law became effective on August 28, 2005. The Missouri Department of Corrections established regulations to govern procedures for the collection of the fee. The fee labeled as an "intervention fee," is required to be included in the conditions of release for those placed on parole. *See* Mo. Code Regs. Ann. tit. 14, § 80-5.020(1)(A) (2016). Parolees may be exempt from paying intervention fees within the first ninety (90) days of release to parole, if participating in specialty courts, or if involved in a deferred prosecution. Mo. Code Regs. Ann. tit. 14, § 80-5.020(1)(E) (2016). Parolees may obtain a waiver in whole, or in part, because of having insufficient income. Mo. Code Regs. Ann. tit. 14, § 80-5.020(1)(H) (2016). Willful nonpayment of the fee can may result in any of the following sanctions to be imposed: (1) receipt of written reprimand, (2) travel restriction, (3) community service, (4) increased level of supervision, and (5) shock detention. Mo. Code Regs. Ann. tit. 14, § 80-5.020(1)(I)(5)(A)-(E) (2016). To date, the Court has not received any information that Little has been found to be in willful nonpayment of the fee. Willful nonpayment means that "the offender knowingly refuses to make payment and there is evidence that funds have been available to the offender to make the required payments." Mo. Code Regs. Ann. tit. 14, § 80-5.010(1)(D) (2016).

Upon receiving notice of this potential fee, Little brought suit in the Circuit Court of the City of St. Louis and the trial judge granted the state's motion for judgment on the pleadings. The Missouri Court of Appeals affirmed the trial court's judgment. Little brings this case to challenge the constitutionality of § 217.690.3, as an *ex post facto* law prohibited by the United States Constitution. Respondent contends that Little lacks standing, because he has not been punished for failure to abide by § 217.690.3. Further, Respondent contends that Little's claim

lacks merit, because § 217.690.3 is not retrospective in that it does not change the effect of Petitioner's conviction and it does not increase his punishment.

## II. Standard of Review

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 133 S.Ct. 1911, 1917 (2013). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). A person currently released on parole is in custody for purposes of § 2254. *See Jones v. Cunningham*, 371 U.S. 236, 241-42 (1963) (a person placed on parole is still in custody under an unexpired sentence).

In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "In other words, clearly established federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407–408). "A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Penry*, 532 U.S. at 793. "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v.*

*Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

**III.   Discussion**

Little's habeas petition presents one claim for review. He contends that the 2005 revision to § 217.690 and the newly adopted regulations authorized by the statute's revision operates as an *ex post facto* law and increases the punishment of the underlying offenses, which violate the United States Constitution. Respondent contends that Little does not have standing to bring this claim, because he has not been incarcerated or received other consequences for failure to pay the intervention fee.

**A.     Standing**

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies'." *Hein v. Freedom from Religion Foundation, Inc.*, 551 U.S. 587, 597 (2007). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Hein*, 551 U.S. at 598. "The case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "One of the controlling elements in the definition of a case or controversy under Article III is standing. The requisite elements of Article III standing are well established: A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Hein*, 551 U.S. at 598. "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014). An allegation of future injury may suffice if there is a substantial risk that harm will occur." *Id.*

at 2341. "The party invoking federal jurisdiction bears the burden of establishing standing." *Id.* at 2342 (citing *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013)).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or- controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressible by the invalidation of the conviction." *Spencer*, 523 U.S. at 7. The Court cannot presume that collateral consequences adequate to meet Article III's injury-in-fact requirement will result from the challenged state action. *Spencer*, 523 U.S. at 11-14. "Where an individual does not suffer civil disabilities and only nonstatutory, discretionary consequences may result from a conviction, continuing collateral consequences should not be presumed and instead must affirmatively be proven by the petitioner." *West v. Mueller*, No. 4:06-CV-094 CDP FRB, 2007 WL4287694 at *4 (E.D. Mo. Aug. 22, 2007).

Respondent contends that Little lacks standing to challenge the intervention fee, because he has failed to show that he was incarcerated for failure to pay the fee, he has failed to pay the fee, or he is unable to pay the fee. Without further explanation, Little contends that the Respondent's argument is without merit and in direct conflict with clearly established federal law. There are several events that would have to occur before Little could be found in violation of the statute. First, he would have to fail to pay the fee. Next, he would have to be denied a waiver for exemption, and then be found in willful non-payment of the intervention fee. Further, there is much discretion in the penalties imposed for willful non-payment. Nevertheless, the Court finds that Little has standing to pursue this claim, because Respondent admitted in the state court proceedings that Little was directed to pay $30.00 per month and informed that his failure to comply would result in a sanction. *See* Resp't Ex. 1 at 18. The Court finds that the threatened

enforcement of the statute is sufficient in this case for Little to have standing to challenge the constitutionality of § 217.690.3.

**B.** *Ex post facto* **clause**

Next, the Court will address the substance of Little's claim- whether § 217.690.3 violates the *ex post facto* clause of the United States Constitution. The *ex post facto* provisions of the United States Constitution forbid the Congress and the states from enacting "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981). Two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment. *Id.* at 29. Second, it must disadvantage the offender affected by it. *Id*. "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." *Garner v. Jones*, 529 U.S. 244, 250 (2000). Whether retroactive application of a particular change in parole law respects the prohibition on *ex post facto* legislation is often a question of particular difficulty when decision makers' discretion is taken into account. *Id.*

This district court has previously rejected the arguments presented by Little and determined that § 217.690.3 does not violate the *ex post facto* clause of the United States Constitution. *See Jackson v. Chairman and Members of the Missouri Board of Probation and Parole*, No. 4:10-CV-104 CDP, 2010 WL 5070722 (E.D. Mo. Dec. 7, 2010). The Missouri Supreme Court has also found that this statute does not violate the *ex post facto* provisions of the Missouri Constitution. *See Jackson v. Chairman and Members of the Missouri Board of Probation and Parole*, 301 S.W. 3d 71 (Mo. banc 2010). Petitioner has not presented any new arguments to call those holdings into question.

Based on the Court's precedent and reasoning detailed below, the Court finds that § 217.690.3 does not violate the *ex post facto* clause of the U.S. Constitution. First, the law is not retrospective in that the law does not change the legal consequences attached to Little's sentence imposed before its enactment. Second, the law does not increase Little's punishment. Any consequences incurred for not paying the fee are civil and due to non-payment of the fee These consequences are wholly separate from his conviction. The purpose of the statute was to provide funding for correctional services and thus is not punitive. *See Jackson*, 2010 WL 5070722 *4; MO. CODE REGS. ANN. tit. 14, § 80-5.010(1)(A) (2016). Other federal courts across the country have also found that monthly fees for parolees do not violate the *ex post facto* clause of the Constitution. *Jackson*, 2010 WL 5070722 *3 (collecting cases). Therefore, the Court finds that Little's Petition for Writ of Habeas Corpus should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. [Doc. 1.]

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Harry Little for a Certificate of Appealability will be **DENIED**.

Dated this 3rd day of August, 2016.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE